UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CEASAR TRAHAN                           CIVIL ACTION NO. 6:18-cv-00135

VERSUS                                  UNASSIGNED DISTRICT JUDGE

LAFAYETTE CITY-PARISH                   MAGISTRATE JUDGE HANNA
CONSOLIDATED GOVERNMENT,
ET AL.

### REPORT AND RECOMMENDATION

Pending before the court is the motion to dismiss, which was filed by the defendants Lafayette City-Parish Consolidated Government; Officer Tyler Howerton, individually and in his official capacity as a Lafayette city police officer; and Officer Brandon Lemelle, individually and in his official capacity as a Lafayette city police officer. (Rec. Doc. 9). In the motion, the defendants seek dismissal of the plaintiff's claims against them for penalty, punitive, or exemplary damages. The motion is opposed. (Rec. Doc. 12). The motion was referred to this Court for report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be GRANTED IN PART and DENIED IN PART.

#### BACKGROUND

The complaint filed in this lawsuit articulated a claim under 42 U.S.C. § 1983 for the alleged violation of the plaintiff's First, Fourth, and Fourteenth Amendment

rights as well as Louisiana state-law claims. The suit arose out of the investigation of a motor vehicle accident by Officers Howerton and Lemelle.

On February 3, 2017, plaintiff Ceasar Trahan was involved in a motor vehicle accident on Guilbeau Road in Lafayette, Louisiana, which allegedly caused serious damage to Mr. Trahan's vehicle. The driver of the other vehicle involved in the accident allegedly caused the accident and allegedly fled the scene on foot. When the police officers asked Mr. Trahan to produce his proof-of-insurance card, which he could not immediately locate, Mr. Trahan admittedly responded to the officers' inquiries with expletives. Mr. Trahan was allegedly arrested, handcuffed, and placed in a police car until his daughter produced an e-mail proving that Mr. Trahan's vehicle was insured. Mr. Trahan was issued a citation for disturbing the peace, but the charges were allegedly nolle prossed by the city prosecutor. Mr. Trahan contends that his arrest was unlawful and violated his free speech rights. He further contends that the arrest resulted in mental, emotional, and physical pain and suffering, including aggravation of the injuries he sustained in the automobile accident, as well as economic damages in the form of medical expenses and legal costs. The plaintiff also asserted Louisiana state-law claims for false arrest and battery.

Mr. Trahan asserted claims against Officer Howerton, Officer Lemelle, and the Lafayette City-Parish Consolidated Government. The complaint does not

expressly state whether the claims against the officers were made in their individual or official capacities. However, the complaint does state that "because the actions of the defendant officers were done maliciously and wantonly, they are liable to plaintiff for punitive damages." (Rec. Doc. 1 at 6).

The defendants now seek to have all claims for penalty, punitive, or exemplary damages against the city and the officers in their official capacities dismissed.

## LAW AND ANALYSIS

### A. The Applicable Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[2] When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[3] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[4] However, conclusory allegations and

---

[2] *Ramming v. United States*, 281 F.3d at 161.

[3] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[4] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

unwarranted deductions of fact are not accepted as true,[5] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[6]

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7] The allegations must be sufficient "to raise a right to relief above the speculative level,"[8] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[9] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10] If the plaintiff fails to allege facts

---

[5] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[7] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[9] *Bell Atlantic v. Twombly,* 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[11]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[14]

## B. Are Punitive Damages Available?

In this lawsuit, the plaintiffs asserted claims against the Lafayette City-Parish Consolidated Government and two city police officers. The plaintiff expressly sought the recovery of punitive damages. The defendants contend that the punitive

---

[11]  *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[12]  *Ashcroft v. Iqbal*, 556 U.S. at 678.

[13]  *Ashcroft v. Iqbal*, 556 U.S. at 679.

[14]  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556).  See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

damages claim asserted against them should be dismissed, arguing that the plaintiff in a Section 1983 action cannot recover punitive damages from a municipality or its officials acting in their official capacities and also arguing that there is no statutory basis for the imposition of punitive damages with regard to the plaintiff's state-law claims. The plaintiff responded to the motion, arguing that no claim for punitive damages was asserted against the city, that the officers were not sued in their official capacities, and that punitive damages were not sought under Louisiana law. (Rec. Doc. 12 at 1-2). This Court finds that the plaintiff's claims could have been more clearly set forth in the complaint. Accordingly, the defendant's motion will be granted in part and denied in part in order to clarify, for the following reasons, that the only punitive damages available to the plaintiff is a federal-law claim against the two officers in their individual capacities.

The United States Supreme Court held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action."[15] The Lafayette City-Parish Government is, by definition, a municipality, and the city's police department is an agency of that municipality. "It is well settled that municipalities

---

[15] *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270–71 (1981).

are not subject to the imposition of punitive damages under Section 1983."[16] Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[17] Therefore, the plaintiff is barred from recovering punitive damages against either of the two police officers when they were acting in their official capacities. On the other hand, however, the United States Supreme Court has recognized that punitive damages may be recoverable against municipal employees sued in their individual capacities, such as the two officers sued in this case.[18]

Accordingly, this Court finds that the plaintiff does not have a valid claim for punitive damages against the city or against the two police officers with regard to any Section 1983 claims asserted against them in their official capacities. Therefore, the motion to dismiss the plaintiff's punitive damages claims should be granted with regard to the claims asserted against the city and against the officers in their official capacities.

---

[16] *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119 (2003); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984)).

[17] *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)).

[18] *Smith v. Wade*, 461 U.S. 30, 35 (1983).

Punitive damages are recoverable, however, against municipal employees who are sued in their individual capacities pursuant to a Section 1983 claim.[19] Therefore, to the extent that the plaintiff is seeking to recover punitive damages with regard to his Section 1983 claim against the officers in their individual capacities, the motion to dismiss should be denied.

Finally, it is well settled under Louisiana law that punitive damages are not recoverable in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered.[20] The plaintiff has not identified any statutory provisions that allow the recovery of punitive damages for the state-law claims that were asserted in this lawsuit. Accordingly, the motion to dismiss should be granted with regard to any state-law punitive damages claim asserted by the plaintiff against the city or the city's police officers.

## CONCLUSION

For the foregoing reasons,

---

[19] *Givs v. City of Eunice*, No. 6:05-CV-0788, 2006 WL 1831528, at *1 (W.D. La. June 29, 2006) (citing *Smith v. Wade*, 461 U.S. 30, 35 (1983), and *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003)).

[20] See *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988).

IT IS RECOMMENDED that the defendants' motion to dismiss (Rec. Doc. 9) should be GRANTED IN PART and DENIED IN PART. More particularly,

IT IS RECOMMENDED that the motion to dismiss the plaintiff's claim for the recovery of punitive damages in connection with the Section 1983 claims should be GRANTED with regard to the plaintiff's Section 1983 claims against the Lafayette City-Parish Consolidated Government and the two police officers – defendants Tyler Howerton and Brandon Lemelle – in their official capacities, and it is recommended that those claims be dismissed with prejudice;

IT IS RECOMMENDED that the motion to dismiss the plaintiff's state-law punitive damages claims against the Lafayette City-Parish Consolidated Government, Tyler Howerton, and Brandon Lemelle should be GRANTED, and it is recommended that those claims be dismissed with prejudice; and

IT IS RECOMMENDED that the motion should be denied with regard to any claims for punitive damages that were asserted against Tyler Howerton and Brandon Lemelle in connection with the Section 1983 claims against them in their individual capacities.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on August 21, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE